IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

July 16, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Nik Sams**
DEPUTY CLERK

| | | |
|---|---|---|
| Extreme Driver Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| L Fab Enterprises, LLC, | ) | Civil Action No. 3:25-cv-00099 |
| | ) | |
| and | ) | |
| | ) | |
| Montana Post Driver, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Extreme Driver Inc. brought this action alleging patent infringement against Defendants L Fab Enterprises, LLC d/b/a Iron Force ("Iron Force") and Montana Post Driver, LLC ("MPD"). (Dkt. 1.) This matter is before the court on Defendants' joint motion to dismiss for improper venue or, in the alternative, transfer venue to the United States District Court for the Eastern District of Pennsylvania. (Dkt. 19.) Plaintiff opposes the motion to dismiss, but consents to the transfer of venue. (Dkt. 25.) For the following reasons, the court will deny the motion to dismiss for improper venue but grant the alternative motion to transfer venue to the Eastern District of Pennsylvania.

### I.    Background

On December 18, 2025, Plaintiff Extreme Driver Inc. filed a patent infringement suit against Defendants Iron Force and MPD. (Compl. at 1 (Dkt. 1).) Plaintiff alleges that

Defendants have been and currently are infringing Plaintiff's patented hydraulic post driving technology.  (*See id.* ¶¶ 18, 24.)

Iron Force is a Pennsylvania Limited Liability Company with a principal place of business located in Kirkwood, PA.  (Compl. ¶ 5, Fisher Decl. ¶¶ 2, 3 (Dkt. 20–2).)   MPD is a Montana Limited Liability Company with a principal place of business in Gold Creek, MT.  (Compl. ¶ 6; Yoder Decl. ¶¶ 2, 3 (Dkt. 20–1).)  Plaintiff alleges that "[v]enue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because part of the events or omissions giving rise to the claims in this action occurred in Madison County, Virginia within the Charlottesville Division of the United States District Court for the Western District of Virginia, and also because Defendants are subject to the Court's personal jurisdiction with respect to this action."  (Compl. ¶ 3.)

On May 14, 2026, Defendants jointly moved to dismiss for improper venue or, in the alternative, transfer venue to the United States District Court for the Eastern District of Pennsylvania.  (Dkt. 19.)  In their supporting brief, Defendants note that, "[s]ince this is a patent infringement action, 28 U.S.C. § 1400(b) expressly controls the choice of venue in this action."  (Defs.' Br. at 3 (Dkt. 20).)

On May 28, Plaintiff filed a response requesting the case not be dismissed, but asking the court to grant the Defendant's motion to transfer the case to the Eastern District of Pennsylvania.[1]  (Pl.'s Resp. at 1 (Dkt. 25).)

---

[1] In their Response, Plaintiff also requested "the Court order the parties to complete all initial pleadings and decide Plaintiff's pending motion for attorneys' fees" before transfer.  (Pl.'s Resp. at 3.)  The Court granted in part Plaintiff's motion for attorneys' fees on July 15, 2026.  (Dkt. 32.)  Additionally, the parties concluded their briefings on Plaintiff's

## II.    Standard of Review

"Upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). If a case is brought in a district where the venue is "wrong," the district court "shall dismiss" the case, or, "if it be in the interest of justice," transfer it to a district "in which it could have been brought." 28 U.S.C. § 1406(a). The choice to transfer or dismiss a case under § 1406(a) "is committed to the sound discretion of the trial court." *Lengacher v. Reno*, 75 F. Supp. 2d 515, 519 (E.D. Va. 1999).

In analyzing whether transfer is appropriate, the court must weigh "whether considerations of justice and convenience justify the transfer." *Forsburg v. Wells Fargo & Co.,* 596 F. Supp. 3d 572, 578 (W.D. Va. 2022) (quoting *Dickson Props., LLC v. Wells Fargo Bank, N.A.*, No. 7:16-cv-00527, 2017 WL 3273380, at *2 (W.D. Va. Aug. 1, 2017)). In making this determination, courts in the Fourth Circuit use a multi-factor test, including: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

## III.    Analysis

Defendants move to dismiss for improper venue or, in the alternative, transfer venue to the District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). (Dkt. 19 at 1.) In response, Plaintiff opposes the motion to dismiss but consents to a transfer

---

motion to dismiss Defendants' counterclaims. (*See* Dkts. 28, 29, 30.) Thus, Plaintiff's additional pre-transfer requests have been met.

to the Eastern District of Pennsylvania.  (Pl.'s Resp. at 1.)  For the following reasons, the court finds that venue is improper in this court, and that transfer is in the interest of justice.

### A.  Venue is Improper Under 28 U.S.C. § 1400(b)

In patent infringement cases, venue is proper: (1) "in the judicial district where the defendant resides"; or (2) "where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Plaintiff has not satisfied their burden under either prong of § 1400(b).

### 1.  Prong One

For purposes of determining venue in patent infringement matters, residence of a corporation is its "[s]tate of incorporation."  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017).  Iron Force is a Pennsylvania Limited Liability Company.  (Compl. ¶ 5; Fisher Decl. ¶¶ 2, 3.)  MPD is a Montana Limited Liability Company.  (Compl. ¶ 6; Yoder Decl. ¶¶ 2, 3.)  Thus, since neither Defendant "resides" in the Western District of Virginia for these purposes, venue cannot be established under this prong.

### 2.  Prong Two

There are two elements to prong two: (1) "where the defendant has committed acts of infringement"; and (2) where the defendant "has a regular and established place of business."  28 U.S.C. § 1400(b).  If any of these statutory requirements are not satisfied, venue is improper under § 1400(b).  *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 930 (E.D. Va. 2017) (citing *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017)).  Plaintiff alleges "upon information and belief" that both Defendants have been "making, using, selling, or offering

for sale" infringing products within this judicial district. (Compl. ¶¶ 31, 36.) Even if the court were to find these allegations would satisfy the first element (*i.e.,* Defendants committed acts of infringement in this district), Plaintiff does not allege any facts to suggest that Defendants have a regular and established place of business within the Western District of Virginia.[2]

Additionally, in its response brief, Plaintiff does not object to Defendants' argument that venue is improper. (*See* Pl.'s Resp.) Accordingly, the court finds that venue is improper in this district, and the case must either be dismissed or transferred under § 1406(a).

### B. Transfer of this Case is Appropriate

The Eastern District of Pennsylvania would be a proper venue for this action. Defendant Iron Force is incorporated in Pennsylvania. (Compl. ¶ 5; Fisher Decl. ¶ 2.) Thus, prong one of § 1400(b) ("in the judicial district where the defendant resides") would be satisfied.

District courts "generally favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants." *Cont'l Cas. Co. v. Argentine Republic*, 893 F. Supp. 2d 747, 754 (E.D. Va. 2012) (quoting *Gov't of Egypt Procurement Off. v. M/V Robert E. Lee*, 216 F. Supp. 2d 468, 473 (D. Md. 2002) (internal quotation marks omitted). This is because "transfer would facilitate a more expeditious resolution of the merits of the controversy in a concededly proper forum and would avoid the costs and delay that

---

[2] Plaintiff only generally alleges "upon information and belief" that Iron Force has sold infringing products in Madison County, Virginia, and that MPD has sold infringing products in Galax, Virginia. (Compl. ¶¶ 22, 28.) But even if these references to locations sufficiently allege physical places in the district, Plaintiff fails to allege any regular and established places of business that are Defendants'. *See Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 930 (E.D. Va. 2017) (citing *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017)) (noting the requirements for § 1400(b)'s "regular and established place of businesses" clause).

would result from dismissal and refiling." *Id.* (quoting *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 594 (E.D. Va. 1992)) (cleaned up).  In this case, there is no evidence that the case was brought in the Western District of Virginia in bad faith or to harass Defendants.

Moreover, considerations of justice and convenience justify transfer in this case. Plaintiff has consented to the transfer and has retained local counsel in the Eastern District of Pennsylvania in anticipation of transfer.  (Pl.'s Resp. at 1–2.)  Its willingness to litigate in the Eastern District of Pennsylvania weighs heavily in favor of transferring venue.  *See, e.g., Szulik v. TAG Virgin Islands, Inc.*, 858 F. Supp. 2d 532, 548 (E.D.N.C. 2012) (choosing transfer over dismissal when Plaintiff's "willingness to litigate in the Southern District of New York weigh[ed] heavily in favor of transferring venue to that district").  Further, the Eastern District of Pennsylvania is a more convenient location for Defendants, one of whom maintains their principal place of business in Pennsylvania.  (Compl. ¶ 5; Fisher Decl. ¶ 2.)  Finally, Plaintiff asserts in their response that dismissal would simply result in Plaintiff refiling the case, incurring additional costs, and ultimately wasting judicial resources.  (Pl.'s Resp. at 2.) Accordingly, transferring this case to the Eastern District of Pennsylvania is in the interest of justice and for the convenience of the parties.

### IV.   Conclusion and Order

For the foregoing reasons, Defendants' motion to dismiss for improper venue is **DENIED** and Defendants' motion to transfer venue is **GRANTED**.  (Dkt. 19.)  The case will be transferred to the District Court for the Eastern District of Pennsylvania pursuant to

§ 1406(a). The Clerk is directed to **TRANSFER** this case to the U.S. District Court for the Eastern District of Pennsylvania.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this 16th day of July, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE